# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK STATE

In The Matter Of; § 1983 CIVIL ACTION

## MR. LOWELL J. BRITT IV.
### [ PLAINTIFF ]

### - AGAINST -

## MR. ANTHONY ANNUCCI
COMMISSIONER NEW YORK STATE CORRECTIONS
AND COMMUNITY SUPERVISION.

### [ DEFENDANT # 1 ]

## MR. MARCO RICCI
DEPUTY COMMISSIONER NEW YORK STATE
CORRECTIONS AND COMMUNITY SUPERVISION

### [ DEFENDANT # 2 ]

## MS. TINA M. STANFORD

CHAIRWOMAN NEW YORK STATE
DIVISION OF PAROLE

### [ DEFENDANT # 3 ]



U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
AUG 2 4 2022
AT_____ O'CLOCK
John M. Domurad, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
————————————————————————X

In The Matter Of; 42-U.S.C § 1983

|  |
|---|
| MR. LOWELL J. BRITT IV. |
| PLAINTIFF, |
| |
| - A G A I N S T - |
| |
| MR. ANTHONY ANNUCCI, |
| COMMISSIONER NEW YORK STATE |
| DEPARTMENT OF CORRECTIONS |
| AND COMMUNITY SUPERVISION |
| [ DEFENDANT # 1 ] |
| |
| MR. MARCO RICCI, |
| DEPUTY COMMISSIONER NEW YORK STATE |
| DEPARTMENT OF CORRECTIONS |
| AND COMMUNITY SUPERVISION |
| [ DEFENDANT # 2 ] |
| |
| MS. TINA M. STANFORD, |
| CHAIRWOMAN NEW YORK STATE |
| DIVISION OF PAROLE |
| [ DEFENDANT # 3 ] |

C I V I L   A C T I O N

4 2 - U. S. C. § 1 9 8 3

C O M P L A I N T

J U R Y   T R I A L

D E M A N D

DOCKET CV #_____

**ORIGINAL**

————————————————————————X

1.]     **PLAINTIFF,** LOWELL J. BRITT IV, ACTING PRO'SE. HEREIN AFTER
(PLAINTIFF), ALLEGES THE FOLLOWING CIVIL RIGHTS VIOLATIONS. THIS IS
FURTHER A CIVIL RIGHTS COMPLAINT BROUGHT BY THE PLAINTIFF LOWELL J.
BRITT IV, FOR DAMAGES AND INJURY CAUSED BY THE DEFENDANTS IN THE
LISTED CAPTION. PLAINTIFF SEEKS RELIEF PURSUANT 42-U.S.C. § 1983.


2.]     **PLAINTIFF,** WHILE ON PAROLE IN THE STATE OF NEW YORK COUNTY OF
BROOME. UNDER THE SUPERVISION OF THE DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION. DEFENDANTS DID VIOLATE THE PLAINTIFFS CIVIL
CONSTITUTIONAL GUARANTEED PROTECTED RIGHTS, PURSUANT TO; DUE PROCESS
**EQUAL PROTECTION, CRUEL AND UNUSUAL PUNISHMENT AND DISCRIMINATION.**

## J U R I S D I C T I O N   A N D   V E N U E

3.]      THIS ACTION ARISE UNDER THE **FIFTH, EIGHTH,** AND **FOURTEENTH**
**AMENDMENTS OF THE UNITED STATES CONSTITUTION,** AND PURSUANT TO 42-
U.S.C. § 1983.

4.]      THE JURISDICTION OF THIS COURT IS PREDICATED UPON 28-**U.S.C.**
**§ 1331 AND § 1343(a)(3-4).**

5.]      THE CIVIL VIOLATIONS ALLEGED HEREIN THE COMPLAINT, BY THE ACTS
OF THE DEFENDANTS DID DERIVE WITHIN THE STATE OF NEW YORK. FURTHER
SUCH ACTS WERE COMMITTED BY THE DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION AND PAROLE. THEREFORE, GRANTING VENUE IN THE
NORTHERN DISTRICT OF NEW YORK STATE, VENUE IS PROPERLY VESTED PURSUANT
TO 28-U.S.C. § 1391(b).

## P A R T I E S   T O   A C T I O N
*********************************

6.]      [ **PLAINTIFF** ], LOWELL J. BRITT IV, HEREIN AFTER (PLAINTIFF)
IS A RESIDENT OF NEW YORK STATE, COUNTY OF BROOME. PLAINTIFF WAS
INCARCERATED IN THE BROOME COUNTY JAIL AT THE INITIATION OF THE
COMPLAINED OF VIOLATIONS, AND WAS ULTIMATELY TRANSFERRED TO THE NEW
YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION.
PLAINTIFF WAS DETAINED ON THE BASIS OF A ALLEGED PAROLE VIOLATION
ALONG WITH A MISDEMEANOR THAT WAS ULTIMATELY DISMISSED IN FAVOR OF THE
PLAINTIFF THE MATTER WAS SEALED.

7.]      [ **DEFENDANT** ], ANTHONY ANNUCCI, COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION. DEFENDANT IS A MUNICIPAL AGENT WHOM OPERATES THE NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION AND SUCH IS UNDER DEFENDANT AUTHORITY AND SUPERVISION. THIS INCLUDES WITHIN DEFENDANTS AUTHORITY AND POWER, TO CREATE POLICY AND REGULATIONS, ASWELL THE IMPLEMENTING AND ENFORCEMENT OF POLICY AND REGULATIONS, INCLUDING BUT NOT LIMITED TO THE HEREIN COMPLAINED OF REGULATION THAT IS IN VIOLATION OF THE PLAINTIFFS CONSTITUTIONAL RIGHTS. DEFENDANTS ACTS WERE WITHIN THE SCOPE OF HIS EMPLOYMENT, FURTHER DEFENDANT WAS ACTING UNDER "COLOR OF STATE LAW." DEFENDANT IS BEING SUED IN FULL OFFICIAL CAPACITY AND IN PERSONAL CAPACITY.

8.]      [ **DEFENDANT** ], MARCO RICCI, DEPUTY COMMISSIONER OF NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, AND IS A MUNICIPAL AGENT THAT OPERATES AT THE DIRECTION OF DEFENDANT ANNUCCI. FURTHER WITHIN DEFENDANTS POWER TO CREATE POLICY AND REGULATIONS ASWELL THE IMPLEMENTING AND ENFORCEMENT OF POLICIES AND REGULATIONS. THIS INCLUDES BUT IS NOT LIMITED TO THE HEREIN COMPLAINED OF REGULATION, HEREIN CLAIMED TO BE IN VIOLATION OF THE PLAINTIFFS CONSTITUTIONAL RIGHTS. DEFENDANT WAS OPERATING UNDER THE " COLOR OF STATE LAW." AND THE COMPLAINED OF ACTS WERE WITHIN THE SCOPE OF THE DEFENDANTS EMPLOYMENT. DEFENDANT IS BEING SUED IN FULL OFFICIAL CAPACITY AND IN PERSONAL CAPACITY.

9.]      [ **DEFENDANT** ], TINA M. STANFORD, CHAIRWOMAN OF THE NEW YORK
STATE DIVISION OF PAROLE ACTS UNDER THE DEPARTMENT OF CORRECTIONS
THROUGH COMMUNITY SUPERVISION. DEFENDANT IS A MUNICIPAL AGENT THAT
OPERATES AND OVERSEES THE COMMUNITY SUPERVISION PAROLE DIVISION.
FURTHER WITHIN THE DEFENDANTS POWER IS TO CREATE POLICY AND
REGULATIONS, **OVERSEE ASWELL THE ENFORCEMENT** OF THOSE POLICIES AND
REGULATIONS. THIS INCLUDES BUT IS NOT LIMITED TO THE HEREIN COMPLAINED
REGULATION. SPECIFICALLY **9 NY ADC 8004.8.** THE DEFENDANTS ACTS WERE
WITHIN THE SCOPE OF EMPLOYMENT AS AN AGENT. FURTHER THE DEFENDANT WAS
ACTING UNDER THE "COLOR OF STATE LAW." THIS DEFENDANT IS BEING SUED IN
FULL OFFICIAL CAPACITY AND INDIVIDUAL CAPACITY.

10.]      THIS ACTION IS BROUGHT FORTH PURSUANT TO 42-U.S.C. § 1983
WHICH PROHIBITS THE HEREIN VIOLATIONS COMPLAINED OF THAT WERE
COMMITTED UNDER THE COLOR OF STATE LAW. BY WAY OF THE RIGHTS THAT ARE
SECURED THROUGH AND BY THE **UNITED STATES CONSTITUTION,** AND THE **LAWS** OF
THE **UNITED STATES OF AMERICA.**

11.]      ON **SEPTEMBER 1st, 2021.** NEW YORK STATE GOVERNOR **HON. KATHY
HOCHUL** SIGNED INTO **LAW.** WHAT IS RECOGNIZED AS THE **"LESS IS MORE" ACT.**
THE SIGNING OF SUCH LEGISLATION INTO LAW WAS SPECIFICALLY PREMISED ON
THE REDUCTION OF RE-INCARCERATION OF PAROLE VIOLATORS. IT IS PAROLE
REVOCATION REFORM.

12.]    THE OUTLINE OF THE REFORM WAS DESIGNED SPECIFICALLY TO REDUCE INCARCERATION FOR PAROLE VIOLATORS. ASWELL EASE THE OVERCROWDING OF LOCAL AND STATE FACILITIES HOUSING OF PAROLE VIOLATORS. THE ORIGINAL CONTROLLING STATUTE PREVENTS THE INCARCERATION FOR SPECIFIC VIOLATIONS. IT FURTHER PLACES A TOTAL [ **CAP** ] ON THE REMAINING VIOLATIONS WHEN SAID VIOLATIONS ARE WITHIN THE GUIDELINE OF NO MORE THEN A THIRD TIME FOR SUCH VIOLATION.

13.]    **PLAINTIFF**, ON OR ABOUT **JULY 16th  2021**, WAS ARRESTED AND DETAINED ON AN ALLEGED MISDEMEANOR PURSUANT TO P.L.§215.50(3), CRIMINAL CONTEMPT 2nd. IN ADDITION NEW YORK STATE DEPARTMENT OF COMMUNITY SUPERVISION, AS A DIRECT RESULT OF THE MISDEMEANOR FILED FOR A WARRANT FOR DETAINMENT OF THE PLAINTIFF. PLAINTIFF WAS SUBSEQUENTLY DETAINED ON THE PAROLE WARRANT ALLEGATIONS.

14.]    **PLAINTIFF**, ON OR ABOUT **AUGUST 25th, 2021**, AFTER INITIALLY WAIVING THE PRELIMINARY PAROLE REVOCATION PROCEEDING. APPEARED BEFORE THE ADMINISTRATIVE LAW JUDGE FOR A FINAL PAROLE REVOCATION PROCEEDING. PLAINTIFF AT SAID APPEARANCE PLEAD GUILTY TO ONE COUNT OF THE PAROLE ALLEGATION CHARGES. SPECIFICALLY CHARGE NUMBER 2, RULE NUMBER 8, OF THE CONDITIONS ALLEGED IN THE VIOLATION COMPLAINT.

15.]    **PLAINTIFF**, ON OR ABOUT **SEPTEMBER 1st, 2021**, WAS GIVEN A DETERMINATION AND DECISION BASED UPON PLAINTIFFS GUILTY PLEA. THE PAROLE CHARGE NUMBER 2, RULE NUMBER 8, WAS SUSTAINED AND A PENALTY ASSESSMENT OF EIGHTEEN MONTHS WAS LODGED AGAINST THE PLAINTIFF FOR THE SUSTAINED VIOLATIONS.

16.]     **PLAINTIFF**, ON OR ABOUT **DECEMBER 14th, 2021**, APPEARED BEFORE THE TOWN OF UNION JUSTICE COURT FOR THE DISPOSITION OF THE ALLEGED MISDEMEANOR THAT WAS PENDING PURSUANT TO P.L. § 215.50(3). AT WHICH TIME THE COURT HAVING FOUND THAT THE CHARGES WERE NOT SUPPORTED BY EVIDENCE AND THEREFORE, DISMISSED ALL CHARGES **IN FAVOR OF THE PLAINTIFF** AND SEALED THE MATTER.

#### **\*\*\*\* C A U S E \*\*\*\***

17.]     UPON THE GOVERNORS SIGNING AND ENACTMENT OF THE **"LESS IS MORE"** **ACT.** THERE WERE CERTAIN SPECIFIC PROVISIONS THAT WERE TO TAKE EFFECT **IMMEDIATELY**, PRIOR TO THE FULL ENACTMENT OF THE LAW. THOSE PROVISIONS DEALT WITH PENALTY PHASE OF THE PAROLE SUSTAIN VIOLATIONS. IN DETERMINING THE LENGTH OF INCARCERATION AND AS TO WHAT VIOLATIONS WERE CAUSE FOR REINCARCERATION.

18.]     PURSUANT TO THE SIGNING OF THE LAW, ASWELL VERBAL AND PHYSICAL ACTIONS OF THE GOVERNOR. THE **"LESS IS MORE"** ACT, IN REFERENCE TO **259-i(XIII)(3)**, WAS DEEMED TO TAKE EFFECT IMMEDIATELY. **THE LANGUAGE OF THE STATUTE IS TRANSPARENT AND CLEARLY DEFINED THAT; AS FOR THE ACTS EFFECTIVE DATE.** SECTION TEN OF THE "LESS IS MORE" ACT **SHALL** TAKE EFFECT MARCH 1st, 2022.

19.]     PROVIDED, PROVIDED THAT THE **"AMENDMENTS"** MADE TO SUBPARAGRAPH (XI) OF PARAGRAPH (f) OF SUBDIVISION (3) OF SECTION 259-i OF THE EXECUTIVE LAW MADE BY SECTION SIX OF THIS ACT **SHALL** TAKE EFFECT ON THE **SAME DATE**, AND IN THE MANNER AS SUCH CHAPTER OF THE LAWS OF 2021 TAKES EFFECT. [" THIS REFERS TO SEPTEMBER 1st, 2021 ]

20.]      THE PROVISIONS THAT SUCH IS BASED UPON, NEWLY FOUNDED
PROCEDURES FOR THE **PENALTY** PHASE OF DEALING WITH PAROLEE SUSTAINED
VIOLATIONS WITH RESPECT TO THE TIME ASSESSMENTS THAT MAY BE
ADMINISTERED FOR THE SUSTAINED VIOLATION. SUCH DISTINGUISHES THE
ALLOWABLE AMOUNT OF TIME A PAROLEE VIOLATOR MAY INCUR FOR A SUSTAINED
**TECHNICAL VIOLATION.**

21.]      THE NEW PROVISION IS DRAWN UP INTO TWO PARTS, ONE THAT DEALS
WITH **[TECHNICAL]** VIOLATIONS, AND THEIR TIME ASSESSMENT. THE OTHER
DEALS WITH **[NON-TECHNICAL]** VIOLATIONS, AND THEIR TIME ASSESSMENT. THE
PLAINTIFF IN THIS MATTER IS IN THE **[ TECHNICAL]** VIOLATORS CATEGORY
WHICH CALLS FOR AT THE VERY MOST A **THIRTY DAY PERIOD OF**
**REINCARCERATION.**
**[ PURSUANT TO 259-I (XIII)(3) ]**

22.]      THE PENALTY PHASE IS TRIGGERED BY A SCALE OF HOW MANY TIMES A
PAROLEE HAS BEEN IN VIOLATION OF THE RULES. EVEN IF THE ADMINISTRATIVE
LAW JUDGE HAD FOUND THAT THE PLAINTIFF WERE IN VIOLATION PER'SE THREE
TIMES. PLAINTIFFS PENALTY PHASE COULD NOT EXCEED MORE THEN **THIRTY**
**DAYS.** PLAINTIFF, HAS NOW BEEN INCARCERATED FOR APPROXIMATELY **TWELVE**
**MONTHS.**

23.]      DEFENDANTS, HAVE PURPOSELY WITH THE INTENT TO DISCRIMINATE
AGAINST THE PLAINTIFF AND THOSE SIMILARLY SITUATED, WHOM HAVING BEEN
SENTENCE UNDER THE PENAL LAW OF § 255.26 § 255.27, AND § 130.00.
SAID OFFENSES THAT ARE DEFINED AS HAVING BEEN RELATED TO A SEX
OFFENSE.

24.]    DEFENDANTS WHEN FORMULATING AND CONSTRUCTING THE REGULATION PURPOSELY WITH MALICIOUS INTENT, WENT OUTSIDE OF THE SCOPE OF THE STATUTES TRUE INTENT AND LANGUAGE. IN DOING SO THE DEFENDANT INCLUDED AN ENTIRE SECTION TO EXCLUDE THOSE WHO ARE UNDER A SENTENCE OF THE REFERENCED PENAL LAWS.

25.]    WHEN LOOKING AT THE ORIGINAL AND CONTROLLING STATUTE, IT IS CLEAR THAT THE LEGISLATURE DID **NOT** INTEND OR NOR DESIRE TO ELIMINATE THOSE WHO ARE UNDER SENTENCE PURSUANT TO THE SPECIFIC PENAL CODES FROM THE SAME ENTITLEMENT AS THOSE UNDER ANY OTHER SENTENCE. ALTHOUGH THERE IS REFERENCE TO WHAT THE LEGISLATURE DEFINED AS STATING; **( AND SUCH CONDUCT VIOLATED A SPECIFIC CONDITION REASONABLY "RELATED TO SUCH OFFENSE).** A LAYMAN CAN INTERPRET WHAT THE INTENT OF THE LEGISLATURE WAS WHEN STATING SUCH.

26.]    A PAROLEE, WHEN RELEASED IS GIVEN **STANDARD** PAROLE RULES AND REGULATIONS TO SIGN. AFTER RELEASE A PAROLEE REPORTS TO HIS/HER PAROLE SUPERVISOR, AND AT SUCH TIME THE PAROLE OFFICER MAY INCLUDE **SPECIAL CONDITIONS.** IT IS WELL KNOWN THAT [ALL] PERSONS HAVING BEEN CONVICTED OF A SEX OFFENSE, ARE GIVEN WHAT IS KNOW AS **[SPECIAL CONDITIONS].** THIS IS EXACTLY WHAT THE LEGISLATURE IS REFERRING TO WHEN THE FOREMENTION WAS STATED. THE LANGUAGE IS CLEAR AND IN ANY EVENT THE PLAINTIFFS VIOLATION MUST BE DEEMED A TECHNICAL ONE BY NATURE.

**[ SEE: McKINNEY'S EXECUTIVE LAW § 259 (7) ]**

## C O N S T I T U T I O N A L L Y   P R O T E C T E D
## L I B E R T Y   I N T E R E S T

27.]      **PLAINTIFFS**, CONSTITUTIONALLY PROTECTED LIBERTY INTEREST IS FOUND IN BOTH THE FEDERAL CONSTITUTIONS AND THE SUBSTANTIVE LAWS OF THE STATE. THE ENACTMENT OF THE STATUTE CREATED AN IMMEDIATE PROTECTED LIBERTY INTEREST, BY WAY OF AMENDING THE MAXIMUM POSSIBLE TIME ASSESSMENT THAT COULD UNDER ANY CIRCUMSTANCE, BE LEGALLY IMPOSED UPON A PAROLE VIOLATOR.

28.]      THEREFORE, WHEN A FEDERAL OR STATE ADMINISTRATION CREATES REGULATION WHICH IS DEEMED SUBSTANTIVE LAW. THE POLICIES AND REGULATION THAT WAS CREATED WITHIN THE STATE OF NEW YORK DEPARTMENT OF CORRECTIONS DID CREATE A CONSTITUTIONALLY PROTECTED LIBERTY INTEREST THAT THE PLAINTIFF MAY ENJOY. UNDER THE **STATES STATUTE**, THE PLAINTIFF AND OTHERS SIMILARLY SITUATED WERE GRANTED A PROTECTED LIBERTY RIGHT.

29.]      IN SUCH IF THE STATE OF NEW YORK, BY JUDICIAL DECISION. **ADMINISTRATIVE REGULATION**, AND OR DEPARTMENTAL DIRECTIVE HAS GRANTED ITS PRISONERS A PROTECTED LIBERTY INTEREST WHEN DEALING WITH A CONDITIONAL RELEASE TO PAROLE SUPERVISION.

30.]      IN COMPARISON WHEN THE STATE GRANTS GOOD TIME CREDIT TO PRISONERS REVOCABLE ONLY UPON A SERIOUS MISCONDUCT, SUCH ABSOLUTELY HAS A LIBERTY INTEREST TO WHICH DUE PROCESS APPLIES.

31.]    WHEN LOOKING AT THE **STATE** LEVEL, SUCH INTEREST BEGIN TO TOLL
WHEN THE STATUTE BECOMES EFFECTIVE WHEN THE STATUTE TAKES EFFECT, OR
SAID REGULATION IS DEEMED TO HAVE TAKEN EFFECT. THEREFORE, IN THE
INSTANT MATTER THE **CONTROLLING STATUTE**, GIVES DEMANDING AND
CONTROLLING WORDS. TO THE EXTENT OF **SHALL, MUST, AND WILL.** PLAINTIFF
HAS A PROTECTED LIBERTY INTEREST.


## P L I N T I F F S   F I R S T   C L A I M
## F O R   R E L I E F   P U R S U A N T   § 1 9 8 3

32.]    **PLAINTIFF**, REALIGNS EACH AND EVERY ALLEGATION AS IF FULLY SET
FORTH HEREIN. THAT BY REASON OF THE FOREGOING DEFENDANT **ANTHONY
ANNUCCI** DID VIOLATE THE PLAINTIFFS CONSTITUTIONALLY PROTECTED RIGHTS,
WHEN HE CONSTRUCTED AND PROMULGATED A **REGULATION** THAT WAS DESIGNED TO
SPECIFICALLY ELIMINATED THE PLAINTIFF AND THOSE SIMILARLY SITUATED
FROM ENJOYING THE ACTUAL STATUTE CONTENT. SPECIFICALLY ANTHONY
ANNUCCI, CONSTRUCTED AND PROMULGATED **9- NYCRR 8004.8** AND UPON DOING SO
CAUSED THE REGULATION TO BE **INCONSISTENT** WITH THE STATE LAW. DEFENDANT
ANTHONY ANNUCCI, BY ENACTING THE REGULATION VIOLATED PLAINTIFFS
CONSTITUTIONAL RIGHTS UNDER THE **FIFTH, EIGHTH,** AND **FOURTEENTH
AMENDMENTS.** DEFENDANT ANTHONY ANNUCCI, FURTHER MADE THE REGULATION
**ARBITRARY** AND **CAPRICIOUS** IN VIEW OF THE SUBJECT MATTER AS ENACTED BY
THE LEGISLATURE. DEFENDANT MAY NOT CONSTRUCT, PROMULGATE AND ISSUE A
REGULATION THAT IS INCONSISTENT WITH LEGISLATURE INTENT. DEFENDANT
ANTHONY ANNUCCI, DID SO ALTER AND OR LIMIT THE STATUTORY AUTHORITY OF
THE CONTROLLING NEW YORK STATUTE.

33.]    DEFENDANT ANTHONY ANNUCCI, KNEW AND SHOULD HAVE KNOWN THAT BY EXTENDING THE INTENT OF THE STATES STATUTE AND LAWS. THAT SUCH WOULD ABROGATE AND VIOLATE INDIVIDUALS CONSTITUTIONAL RIGHTS SUCH AS THE PLAINTIFFS. TO WIT; DEFENDANT AND SPECIFIC ADMINISTRATION HAVE SHOWN PURPOSEFUL INTENT TO DISCRIMINATE AGAINST THE PLAINTIFF AND THOSE SIMILARLY SITUATED. **DEFENDANT HAD ACTUAL KNOWLEDGE OF THE ASSERTED DISCRIMINATORY NATURE AND CONSTRUCTION OF THE REGULATION.**

34.]        DEFENDANTS ACTIONS WERE ALL WITHIN THE SCOPE OF HIS EMPLOYMENT AS AN AGENT OR OFFICER FOR THE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION. DEFENDANT ANTHONY ANNUCCI DID GO ABOVE AND BEYOND THE SCOPE OF DEFENDANTS JURISDICTION. THE DEFENDANT ACTED KNOWINGLY, WILLFULLY AND WITH THE SPECIFIC INTENT TO DEPRIVE THE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS THAT ARE SECURED AND PROTECTED PURSUANT TO **42 U.S.C. § 1983,** AND THE **FIFTH, EIGHTH,** AND **FOURTEENTH AMENDMENTS** OF THE **UNITED STATES CONSTITUTION.** THE DEFENDANT WAS WITHOUT AUTHORITY OF LAW AND DID ABUSE HIS POWERS. **AS A PROXIMATE AND DIRECT RESULT OF THE DENIAL OF DUE PROCESS, DEPRIVATION OF EQUAL PROTECTION, AND THE CRUEL AND UNUSUAL PUNISHMENT.**
**PLAINTIFF DID SUSTAIN DAMAGES HEREIN BEFORE ALLEGED.** THE DEFENDANT WAS ACTING UNDER PRETENSE AND "COLOR OF STATE LAW," AND IN HIS **INDIVIDUAL** AND **OFFICIAL** CAPACITY.

## P L A I N T I F F S   S E C O N D   C L A I M
## F O R   R E L I E F   P U R S U A N T   § 1 9 8 3

35.]   **PLAINTIFF**, REALIGNS EACH AND EVERY ALLEGATION AS IF FULLY SET
FORTH HEREIN. THAT BY REASON OF THE FOREGOING DEFENDANT **MARCO RICCI**,
THROUGH THE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, AND
FURTHER ACTING UNDER THE PRETENSE AND "COLOR OF STATE LAW." DID
CONSPIRE FOR THE PURPOSES OF DEPRIVING THE PLAINTIFF OF HIS
CONSTITUTIONALLY PROTECTED LIBERTY INTEREST. PURSUANT TO THE FIFTH,
AND FOURTEENTH AMENDMENT OF THE UNTIED STATES CONSTITUTION.
ASWELL, THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

36.]   DEFENDANTS MARCO RICCI, WAS MADE AWARE OF THE EXISTING
VIOLATION AND UNDERLYING COMPLAINT THROUGH AND BY DEFENDANT ANTHONY
ANNUCCI. DEFENDANT ANNUCCI DIRECTED MARCO RICCI, AND DEFENDANT TINA
STANFORD TO ADDRESS THE PLAINTIFFS COMPLAINT. DEFENDANT MARCO RICCI
BEING DEPUTY COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF
COMMUNITY CORRECTION AND COMMUNITY SUPERVISION UPON NOTICE. ACTED IN A
CONSCIOUS MANNER THAT DID PERMIT AND TOLERATE SUCH UNCONSTITUTIONAL
ACTS AND WAS FURTHERMORE DELIBERATELY INDIFFERENT TO A PATTERN AND
PRACTICE OF THE CONSTRUCTION AND PROMULGATION OF A REGULATION THAT
SPECIFICALLY, FORM A PREJUDICIAL BASIS TOWARD THOSE INDIVIDUALS
CONVICTED OF SPECIFIC PENAL OFFENSES UNDER P.L. §
255.26/255.27/130.00. THE FOREGOING POLICIES AND REGULATIONS WERE A
DIRECT AND PROXIMATE CAUSE OF THE CONSTITUTIONAL VIOLATIONS THAT THE
PLAINTIFF SUFFERED AS ALLEGED HEREIN.

## P L A I N T I F F S   T H I R D   C L A I M
## F O R   R E L I E F   P U R S U A N T   §1 9 8 3

37.]    **PLAINTIFF**, REPEATS AND REALIGNS EACH AND EVERY ALLEGATION AS IF SUCH IS FULLY SET FORTH HEREIN. DEFENDANT TINA STANFORD BEING THE NEW YORK STATE CHAIRWOMAN OF THE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION. SPECIFICALLY THE COMMUNITY SUPERVISION FOR PAROLE. MOVED TO DISCRIMINATE AGAINST THE PLAINTIFF, THAT INCLUDES A CLASS OF INDIVIDUALS. DEFENDANT STANFORD HAS SHOWN A PAST PATTERN TO TOLERATE AND ALLOW SUCH ACTIONS AND BEHAVIOR. DEFENDANT STANFORD ALONG WITH DEFENDANT ANNUCCI, AND DEFENDANT RICCI, DID CONSTRUCT A SUPERVISION REGULATION WITH DIRECT INTENT TO EXCLUDE PLAINTIFF AND THOSE SIMILARLY SITUATED.

38.]    DEFENDANTS HAVE CONSTRUCTED REGULATIONS IN THE PAST THAT WERE DEEMED TO BE OVERLY BROAD AND DISCRIMINATORY AGAINST THOSE WHO ARE SERVING SENTENCES FOR OFFENSE DEFINE WITHIN THE PENAL CODE AS SEX OFFENSES. (I.E)-RESTRICTIONS ON POSSESSION OF CELL PHONES RESTRICTIONS ON INTERNET USE. IN THOSE MATTERS DEFENDANTS WERE FOUND TO HAVE EXCEEDED THE AUTHORITY THEY ARE PRIVILEGED. DEFENDANTS ACTED UNDER THE PRETENSE OF THE REGULATION, IT FACIALLY VIOLATES THE **FOURTEENTH AMENDMENT**, AND FURTHER DOES NOT PROVIDE ANY LIMITATION ON THE COURSE OF VIOLATIONS THAT ARE DEEMED TO BE REASONABLY RELATED. THE REGULATION IS UNLIMITED IN SCOPE. THE DEFENDANTS CONSTRUCTED AND PROMULGATED AN UNCONSTITUTIONAL REGULATION.

## P L A I N T I F F S   F O U R T H   C L A I M
## F O R   R E L I E F   P U R S U A N T   § 1 9 8 3

39.]    **PLAINTIFF**, REPEATS AND REALIGNS EACH AND EVERY ALLEGATION AS IF SUCH IS FULLY SET FORTH HEREIN. DEFENDANTS ANNUCCI, RICCI, AND STANFORD, SOUGHT TO DISCRIMINATE AGAINST THOSE INDIVIDUALS WHO ARE SERVING A COURT IMPOSED SENTENCE PURSUANT TO ANY SEX OFFENSE PENAL CODE SPECIFICALLY § 255.26 § 255.27 AND § 130.00. FURTHERMORE ACTING UNDER THE PRETENSE AND COLOR OF STATE LAW, BY AND THROUGH ITS POLICY MAKERS, CREATED AND MAINTAINED A CUSTOM, POLICY, REGULATION, AND PRACTICE TO DISCRIMINATE AGAINST PLAINTIFF AND SIMILARLY SITUATED INDIVIDUALS. THIS IS BECAUSE THE DEFENDANTS KNEW THAT IT WAS FORESEEABLE PLAINTIFF WOULD AND SHOULD ENJOY THE SAME RIGHTS AND PAROLE SUPERVISION AS THOSE UNDER ANY OTHER OFFENSE.

40.]    DEFENDANTS WILLFULLY, KNOWINGLY, AND WITH THE SPECIFIC INTENT TO DEPRIVE THE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS SECURED BY 42-U.S.C § 1983, PURSUANT TO THE FIFTH, EIGHTH, AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION. THE ACTS COMPLAINED ABOUT WERE CARRIED OUT BY EACH AND EVERY DEFENDANT STATED WHO HAD AUTHORITY TO CONSTRUCT AND PROMULGATE AN ADMINISTRATIVE REGULATION, BUT DID EXCEED THE AUTHORITY BY OVERLY BROADENING THE REGULATION BEYOND THE LEGISLATURES INTENT AND/OR THE EXACT LANGUAGE OF THE CONTROLLING STATUTE. AT ALL TIMES THE DEFENDANTS WERE ACTING UNDER COLOR OF STATE LAW. THE ACT TO CONSPIRE TO VIOLATE PLAINTIFFS GUARANTEED PROTECTED CONSTITUTIONAL RIGHTS IS UNLAWFUL AND UNCONSCIONABLE ACTIONS BY THE DEFENDANTS.

C H R O N O L I G I C A L

O R D E R

T H E   E V E N T S   L E A D I N G   T O   C L A I M S

# CHRONOLIGICAL ORDER

## EVENTS LEADING TO CLAIMS

### JULY 16th, 2021

1.. ON THE ABOVE FOREMENTION DATE, PLAINTIFF WAS ARRESTED UPON A

NEW YORK STATE PAROLE VIOLATION, SUBSEQUENTLY PLAINTIFF WAS ARRESTED

FOR THE OFFENSE OF CRIMINAL CONTEMPT IN THE SECOND DEGREE FOR ALLEGEDLY

VIOLATING AN ORDER OF PROTECTION.

### JULY 29th, 2021

2. ON THE ABOVE REFERENCED DATE, PLAINTIFF APPEARED AT THE INITIAL

PAROLE REVOCATION HEARING. DURING SAID HEARING PLAINTIFF CHOSE TO WAIVE

THE PRELIMINARY HEARING, MOVING STRAIGHT TO THE FINAL GAGNON HEARING TO

CONTEST THE ALLEGED PAROLE VIOLATIONS, PLAINTIFFS FINAL GAGNON WAS

SCHEDULED FOR ON OR ABOUT AUGUST 11th, 2021.

### AUGUST 11th, 2021

3. ON OR ABOUT THE ABOVE REFERENCED DATE, PLAINTIFF APPEARED BEFORE

THE ADMINISTRATIVE LAW JUDGE FOR THE FINAL GAGNO HEARING IN THE MATTER

OF THE PAROLE VIOLATION. BASED UPON THE FACT THAT PLAINTIFF WAS

DEALING WITH PENDING MISDEMEANOR ALLEGATIONS IN THE TOWN OF UNION

COURT. PLAINTIFF SOUGHT TO BE PLACED ON WHAT IS KNOWN AS THE [K]

CALENDAR. PLAINTIFF WAS DENIED THAT RELIEF. THE MATTER OF THE PAROLE

VIOLATION FINAL GAGNON HEARING WAS POSTPONED UNTIL AUGUST 25th, 2021.

## A U G U S T    2 5th, 2 0 2 1

4.    PLAINTIFF ON THE ABOVE REFERENCED DATE, ENTERED A PLEA GUILTY TO
THE ALLEGED PAROLE VIOLATION. SPECIFICALLY CHARGE NUMBER 2, AND RULE
NUMBER 8. THE ADMINISTRATIVE LAW JUDGE AFTER RECEIVING THE PLEA BY THE
PLAINTIFF. THE ADMINISTRATIVE LAW JUDGE RESERVED FOR DECISION AND
PENALTY PHASE.

## S E P T E M B E R  1st, 2 0 2 1

5.    ON THE ABOVE REFERENCED DATE, THE PAROLE ADMINISTRATIVE LAW
JUDGE GAVE HIS DECISION IN THE MATTER ACCEPTING THE PLAINTIFFS PLEA TO
CHARGE NUMBER 2, RULE NUMBER 8. THE ADMINISTRATIVE LAW JUDGE IMPOSED A
PENALTY OF **EIGHTEEN MONTHS** AGAINST THE PLAINTIFF.

## S E P T E M B E R  1 7th, 2 0 2 1

6.    ON THE ABOVE REFERENCED DATE THE HON. KATHY HOCHUL SIGNED INTO
LAW, WHAT IS KNOWN AS THE **"LESS IS MORE ACT."** AMONG OTHER THINGS,
THE "LESS IS MORE" ACT-WHICH HAS BEEN WIDELY HERALDED AS TRANSFORMATIVE,
PAROLE  REFORM-RESTRICTS THE  USE  OF  INCARCERATION  FOR  "TECHNICAL"
VIOLATIONS OF PAROLE, BOLSTERS DUE PROCESS IN PAROLE HEARINGS, REQUIRES
THAT PAROLE  HEARINGS  TAKE  PLACE  WITHIN  THE  JUDICIAL  SYSTEM, AND
PROVIDES EARNED TIME CREDIT FOR PAROLEES. SECTION TEN OF THE SIGNED
BILL CALLED FOR MULTIPLE EFFECTIVE DATES, FOR SPECIFIED AMENDMENTS.

## S E P T E M B E R  1 8th-through- O C T O B E R  1st, 2 0 2 1

7.        PURSUANT TO THE LESS IS MORE" ACT, COMMUNITY SUPERVISION
REVIEWED AND MODIFIED PAROLE VIOLATION DISPOSITIONS. THE MODIFICATIONS
LED TO THE LIFTING OF PAROLE WARRANTS, THAT WERE PREDICATED UPON
ALLEGED OR SUSTAINED TECHNICAL VIOLATIONS. HOWEVER; PLAINTIFF REMAINED
INCARCERATED WITH A SUSTAINED TECHNICAL VIOLATION.

## N O V E M B E R  2nd, 2 0 2 1

8.        PLAINTIFF AFTER REALIZING THAT THE DEPARTMENT OF COMMUNITY
SUPERVISION HAD NOT MODIFIED HIS DISPOSITION OF A SUSTAINED TECHNICAL
VIOLATION. PLAINTIFF THEN SOUGHT COUNSEL TO ADVOCATE FOR PLAINTIFFS
IMMEDIATE RELEASE. ON OR ABOUT THE ABOVE REFERENCED DATE COUNSEL
SUBMITTED A FORMAL DOCUMENT TO SEVERAL ADMINISTRATIVE OFFICERS WITH
RESPECT TO PLAINTIFF BEING ILLEGALLY CONFINED.

## N O V E M B E R  1 9th, 2 0 2 1

9.     ON OR ABOUT THE ABOVE REFERENCED DATE, DEPUTY COMMISSIONER MARCO
RICCI, RESPONDED ON BEHALF OF ACTING COMMISSIONER ANTHONY ANNUCCI.
PLAINTIFF DID NOT RECEIVE A VIABLE ANSWER AS TO WHY PLAINTIFF CONTINUED
TO REMAIN INCARCERATED FOR A SUSTAINED TECHNICAL VIOLATION IN LIGHT OF
THE FACT THAT OTHER PAROLEES WITH TECHNICAL VIOLATIONS HAD ALREADY BEEN
RELEASED. PLAINTIFF CONTINUED TO BE ILLEGALLY DETAINED IN BROOME COUNTY

## J A N U A R Y   1 0th, 2 0 2 2

10.      ON OR ABOUT THE ABOVE REFERENCED DATE, PLAINTIFF WITH RESPECT
TO REMAINING ILLEGALLY INCARCERATED FILED A **WRIT OF HABEAS CORPUS**, IN
THE COUNTY OF BROOME STATE OF NEW YORK. PLAINTIFFS HABEAS CORPUS WAS
AGAINST ACTING NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION COMMISSIONER **ANTHONY ANNUCCI**, AND CHAIRWOMAN OF NEW YORK
STATE BOARD OF PAROLE **TINA M. STANFORD**.

## J A N U A R Y   1 8th, 2 0 2 2

11.      ON OR ABOUT THE ABOVE REFERENCED DATE, RESPONDENTS THROUGH THE
NEW YORK STATE ATTORNEY GENERAL ENTERED THEIR **AFFIRMATION IN OPPOSITION**
TO PLAINTIFFS **HABEAS CORPUS**.   RESPONDENT **STEPHANIE M. MILKS**, BEING
COUNSEL OF RECORD FOR THE RESPONDENTS IN THE HABEAS CORPUS.

## J A N U A R Y   2 4th, 2 0 2 2

12.      ON OR ABOUT THE ABOVE REFERENCED DATE, PLAINTIFF FILED AN
**AFFIRMATION IN REPLY TO RESPONDENTS OPPOSITION**.

## J A N U A R Y   2 8th, 2 0 2 2

13.      ON THE ABOVE REFERENCED DATE, **BROOME COUNTY SUPREME COURT**
**ISSUED DECISION AND ORDER**, IN THE MATTER OF THE PLAINTIFFS **HABEAS**
**CORPUS**, UNDER **INDEX NO: CA. 2022-0035**. HON.JEFFREY A. TAIT BEING THE
JUSTICE PRESIDING IN THE MATTER. PLAINTIFFS STATE HABEAS CORPUS WAS
ULTIMATELY **DENIED** BY JUSTICE TAIT.

**[ PLAINTIFF FILED NOTICE OF APPEAL IN THE FOURTH DEPARTMENT ]**

## F E B R U A R Y  1st, 2 0 2 2

14.    ON THE ABOVE REFERENCED DATE, PLAINTIFF WAS GRANTED IN FORMA PAUPERIS IN THE MATTER OF THE APPEAL WITH RESPECT TO THE STATE HABEAS CORPUS DENIAL. NOTICE AND APPLICATIONS WERE FILED IN THE **FOURTH DEPARTMENT APPELLATE COURT FOR NEW YORK STATE**.

## M A R C H  1st, 2 0 2 2

15.    ON THE ABOVE REFERENCED DATE, DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, IMPLEMENTED; 9 NY ADC 8004.8. **NON-TECHNICAL VIOLATIONS**. PLAINTIFF AT THIS POINT AND TIME, ASWELL OTHERS SIMILARLY SITUATED UNDER ARTICLE 130 OF THE PENAL LAW OR SECTION 255.26 OR 255.27 OF SUCH LAWS, WERE DISCRIMINATED AGAINST BY THE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION.

## M A R C H  1 4th, 2 0 2 2

16.    ON THE ABOVE REFERENCED DATE; PLAINTIFF SUBMITTED A PERFECTED APPEAL WITH RESPECT TO THE HABEAS CORPUS PROCEEDING. A RETURN DATE FOR THE RESPONDENT WAS SET FOR **APRIL 29th, 2022**.

## A P R I L  1 3th, 2 0 2 2

17.    BY MOTION LETTER, RESPONDENTS IN THE HABEAS CORPUS APPEAL MOVED FOR AN EXTENSION OF TIME TO FILE A REPLY BRIEF IN THE MATTER. APPELLANT MOVED AND **OBJECTED** TO RESPONDENTS REQUEST FOR MORE TIME, WITH RESPECT TO EXTRAORDINARY MATTER BEFORE THE COURT. NEVERTHELESS RESPONDENTS, BY WAY OF THE CLERK OF COURT WERE GRANTED FURTHER EXTENSION TO FILE THEIR REPLY BRIEF ON **MAY 31st,2022**.

## M A Y   3 1st,   2 0 2 2

18.    IN REGARDS TO THE HABEAS APPEAL, RESPONDENTS DID NOT FILE THEIR
REPLY BRIEF AS DIRECTED BY THE COURT ON MAY 31st, 2022, RESPONDENTS
SOUGHT YET ANOTHER EXTENSION OF TIME TO FILE THEIR REPLY BRIEF IN THE
PROCEEDING, PLAINTIFF **OBJECTED**, BECAUSE RESPONDENT FILED AN UNTIMELY
REQUEST FOR THE EXTENSION.

## J U N E   2nd, 2 0 2 2

19.    PLAINTIFF FILED FOR **DEFAULT** JUDGEMENT **ORDER**, BASED UPON THE
RESPONDENTS FAILURE TO PROPERLY ADHERE AND FILE THEIR REPLY BRIEF IN A
TIMELY FASHION AS DIRECTED BY THE APPELLATE COURT. THERE WAS NO REPLY
BY THE RESPONDENT TO THE DEFAULT MOTION.

## J U N E   2 5th, 2 0 2 2

20.    PLAINTIFFS MOTION FOR DEFAULT JUDGEMENT WAS ULTIMATELY DENIED
WITHOUT ANY OPPOSITION, NOR DID THE APPELLATE COURTS DECISION INCLUDE
AN ANALYSIS OF THE MOTION OR MERIT.

## J U N E   3 0th, 2 0 2 2

21.    JUNE 30th, BEING THE FINAL RETURN DATE FOR THE RESPONDENTS
REPLY BRIEF UNDER THE GUIDANCE OF THE COURT CLERK PURSUANT TO THE
APPELLATE COURT RULES, ONCE AGAIN FAILED TO TIMELY FILE THEIR REPLY
BRIEF. IN FACT RESPONDENTS DID NOT FILE ANY REPLY BRIEF AND OR REASON
AS TO WHY THERE WAS NO REPLY BRIEF FILED IN THE MATTER.

## J U L Y  1 0th, 2 0 2 2

22.        ON OR ABOUT THE ABOVE REFERENCED DATE, PLAINTIFF FILED AN **OBJECTION** AND MOTION FOR **SUMMARY JUDGEMENT** BY WAY OF **DEFAULT.** FURTHERMORE, PLAINTIFF **OBJECTED** AND REQUESTED THAT THE COURT **STRIKE** ANY RESPONSE BY RESPONDENT WITH RESPECT THAT RESPONDENT    HAS NOT PROPERLY FILED ANY RESPONSE OR ANSWERING BRIEF IN THE MATTER.

## J U L Y   2 2nd, 2 0 2 2

23.        ON OR ABOUT THE ABOVE REFERENCED DATE, THIS CIVIL ACTION WAS COMMENCED BY THE PLAINTIFF; WITH RESPECT TO PLAINTIFFS CONSTITUTIONAL RIGHTS BEING ABROGATED WITHIN THE STATE UNDER THE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ASWELL THE NEW YORK STATE JUDICIAL SYSTEM. PLAINTIFF HAS NOT RECEIVED SPEEDY ADJUDICATION OF THE CLAIMS IN THE STATE. THIS LAWSUIT ENSUED.

## J U L Y  2 7, 2 0 2 2

ON OR ABOUT THE ABOVE DATE, DEFENDANTS SERVED THE PLAINTIFF WITH THEIR APPEAL BRIEF CONCERNING THE STATE WRIT OF HABEAS CORPUS. THIS BEING AFTER DEFENDANTS INTENTIONALLY SENT THE BRIEF TO THE BROOME COUNTY JAIL. PLAINTIFF HAS BEEN IN STATE CUSTODY FOR WELL OVER 12-MONTHS, AND FURTHERMORE THE DEFENDANTS HAVE SENT SEVERAL RESPONSES ASWELL REQUEST FOR CONTINUED ADJOURNMENTS. THIS WAS NO MORE THEN AN ATTEMPT TO PREVENT PLAINTIFF FROM BEING ABLE TO REPLY TO THE DEFENDANTS BRIEF. PLAINTIFF CONTINUES TO BE DENIED DUE PROCESS IN THE STATE COURTS.
ANY FURTHER LITIGATION IN THE STATE COURT IS IN FACT WITHIN THE FUTILE DOCTRINE FOR THE PLAINTIFF.

# STANDARD OF REVIEW OF CLAIMS

## PLAINTIFFS

## COGNIZABLE ISSUE

# S T A N D A R D   O F   R E V I E W   T O   C L A I M S
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1].... IN THE INSTANT MATTER AT BAR BEFORE THE COURT, THIS COURT MAY ACCEPT , REJECT, AND OR MODIFY IN WHOLE OR IN PART AS TO THE INSTANT CLAIMS BASED UPON FINDINGS OF THE COURT. IN THE INSTANT MATTER THE PLAINTIFF BEING PRO'SE, AND THE COURT IS REQUIRED TO INTERPRET AND CONSTRUE THE CLAIMS LIBERALLY TO RAISE THE STRONGEST INTENT AND ARGUMENT STATED WITHIN THE CLAIM.

[ **TRIESTMAN -V- BUREAU OF PRISONS**, 470, F.3d, 471, 474 ( **2nd Cir. 2017**)
[ **PABON -V- WRIGHT**, 459, F.3d, 241, 248, ( **2nd Cir. 2006**)

(b)..... PLAINTIFF AFFIRMATIVELY STATES THAT SHOULD THE HEREIN CLAIMS BE DENIED OR REJECTED, LEAVE TO APPEAL MUST BE GRANTED IN RESPECT TO THE **PRO'SE** LITIGATION.

2]..... PLAINTIFF RAISES BOTH FEDERAL AND STATE CONSTITUTIONAL CLAIMS IN THE MATTER BEFORE THE COURT. THE FEDERAL CONSTITUTIONAL VIOLATIONS GIVE RISE TO FEDERAL JURISDICTION AND THE STATE CLAIMS MAY THERE TO ATTACH TO THE CLAIMS AS SUCH HAS BEEN FULLY EXHAUSTED WITHIN THE STATE HABEAS CORPUS PETITION. PLAINTIFF FURTHER REQUEST THAT THE COURT ADHERE TO TAKING THE PRO'SE CLAIMS IN THE LEAST STRINGENT MANNER, AS SUCH IS NOT DRAFTED BY AN ATTORNEY.

[ **ERICKSON -V- PARDUS**, 551, U.S. 89, 127, S.Ct. 2197, 167,L.Ed.2d,1081]

3]..... IN THE INSTANT CIVIL ACTION PURSUANT 42-U.S.C.A. § 1983, WITH RESPECT TO PLAINTIFF BEING **DEPRIVED CONSTITUTIONAL RIGHTS** BY THE DEFENDANTS IN THE INSTANT MATTER. PLAINTIFFS REQUEST FOR INJUNCTIVE RELIEF SHOULD BE GRANTED AND OR AT THE VERY LEAST THE DEFENDANTS **ORDERED** TO SHOW STRONG CAUSE AS TO WHY PLAINTIFF REQUEST FOR SUCH INJUNCTIVE RELIEF SHOULD NOT BE GRANTED.

## C O G N I Z A B L E

### ** O N E **

4] STATE AND LOCAL GOVERNING BODIES MAY BE SUED DIRECTLY UNDER AND PURSUANT TO 42-U.S.C.A. § 1983, FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; HEREIN THE INSTANT ACTION THE CLAIMS ALLEGED ARE THE UNCONSTITUTIONAL IMPLEMENTATION AND THE EXECUTION OF A POLICY STATEMENT ORDINANCE,[REGULATION], AND OR DECISION THAT HAS BEEN OFFICIALLY ADOPTED AND PROMULGATED BY DEFENDANTS AND ITS AGENTS OR OFFICERS THERETO; **PLAINTIFF SUSTAINED INJURY AND DAMAGES BY THE ACTIONS OF THE DEFENDANT TO WIT; DEFENDANTS DELIBERATE DISCRIMINATORY IMPLEMENTATION OF REGULATION, DID SO CAUSE THE PLAINTIFFS CONSTITUTIONAL RIGHTS TO BE ABROGATED, DEFENDANTS ACTIONS WERE THE DRIVING FORCE BEHIND THE VIOLATIONS AND INJURY SUSTAINED.**

### ** T W O **

5] THIS CLAIM IS AGAINST A GOVERNMENT BODY AND ITS AGENTS, OFFICERS THERETO; IT IS FURTHER AVERRED THAT THE OFFICIAL POLICY, [REGULATION] IMPLEMENTED BY THE DEFENDANTS WAS DERIVED WITH THE INTENT TO BE DISCRIMINATORY AGAINST THE PLAINTIFF AND THOSE SIMILAR SITUATED AS PLAINTIFF. DEFENDANTS KNEW THE POLICY [REGULATION], WOULD IN FACT DISCRIMINATE AGAINST THAT CLASS OF INDIVIDUALS. WHEN REVIEWING AND CONSTRUCTING THE TEXT OF THE REGULATION, DEFENDANTS DID SO WITH THE INTENT TO DISCRIMINATE AGAINST A CLASS OF INDIVIDUALS. SPECIFICALLY THOSE DEFINED AS HAVING BEEN CONVICTED OF ANY OFFENSE RELATED TO; NEW YORK STATE PENAL LAWS:(P.L § 255.26)(P.L § 255.27)(P.L § 130.00)

## ** T H R E E **

6] 42-U.S.C.A.§ 1983, THE INSTANT MATTER AGAINST DEFENDANTS IS AN
ALLEGATION THAT AN OFFICIAL POLICY, [REGULATION] IS THE PRIME DRIVING
FORCE, AND IS RESPONSIBLE FOR THE DEPRIVATION OF THE PLAINTIFFS CIVIL
RIGHTS THAT ARE **PROTECTED** BY THE **UNITED STATES CONSTITUTION**. IN
FURTHERANCE THE DEFENDANTS CONSTRUCTION OF THE POLICY, [REGULATION]
THAT ARE ALLEGED TO BE BASED ON THE NEW YORK STATE CONTROLLING STATUTE
WERE INTENTIONALLY FORMED TO DISCRIMINATE AND DENY THE PLAINTIFF LIBERTY
INTEREST BEING DISCRIMINATORY AND PREJUDICIAL TOWARD THE PLAINTIFF.
TO WIT; PLAINTIFF SUSTAINED INJURY AND DAMAGES BECAUSE OF THE DEFENDANTS
ACTIONS. **PLAINTIFFS CONSTITUTIONAL RIGHTS WERE VIOLATED AND THE
DEFENDANTS AND THE IMPLEMENTATION OF A DISCRIMINATORY POLICY
[REGULATION], WAS A DIRECT AND PROXIMATE CAUSE.**

## ** F O U R **

7] DEFENDANTS IMPLEMENTATION OF AN OFFICIAL POLICY [REGULATION], DID CAUSE
THE PLAINTIFF TO BE SUBJECTED TO THE DEPRIVATION OF A **GUARANTEED
PROTECTED RIGHT UNDER THE UNITED STATES CONSTITUTION.** DEFENDANTS HAVE
DEMONSTRATED IN PAST ACTIONS BY WAY OF IMPLEMENTATION OF FORMAL POLICY
AND OR [REGULATIONS] THAT WERE ENDORSED BY THE ADMINISTRATIVE BODY THAT
CONSISTED OF WIDESPREAD USAGE OF UNCONSTITUTIONAL POLICY AND OR
[REGULATIONS], FURTHERMORE SUPERVISORY SOURCES WERE AWARE OF THE CUSTOMS
AND PRACTICES THAT LED TO THE USAGE OF THE POLICY, [REGULATION] THAT WAS
INTENTIONALLY PUT IN PLACE TO DENY PLAINTIFF THE SAME RIGHTS AS OTHERS
ON PAROLE. **DEFENDANTS DID SO CAUSE AN IRREPARABLE INJURY TO PLAINTIFF.**

# PLAINTIFF

# FACTUALLY

# ALLEGATIONS

# F A C T U A L    A L L E G A T I O N S

## [ " L E S S    I S    M O R E " ACT ]

8]      THIS CIVIL ACTION IS BROUGHT FORTH BASED ON THE DISCRIMINATORY ACT DERIVED FROM THE ADMINISTRATIVE REGULATION, THAT IS CONTESTED TO BE UNCONSTITUTIONAL AND OUTSIDE THE SCOPE OF THE INTENT OF THE NEW YORK STATE LEGISLATURE.

9]      PLAINTIFF, INITIALLY RECEIVED A PAROLE VIOLATION FOR A TOTAL OF EIGHTEEN MONTHS. WHILE THE PLAINTIFF WAS SERVING HIS PENALTY FOR THE SUSTAINED VIOLATION, NEW YORK STATE LEGISLATURE WAS IN THE PHASE OF PASSING LEGISLATION TO PREVENT PAROLEE IN NEW YORK STATE FROM BEING SENTENCED PROGRESSIVELY AND HARSH FOR WHAT IS DEEMED ONLY A TECHNICAL PAROLE VIOLATION. THE LAW WOULD DRASTICALLY CHANGE THE OUTLOOK AND PROCEDURES FOR PAROLE VIOLATIONS THAT WERE SUSTAINED.

10]      NEW YORK STATE LEGISLATURE PLACED THEIR PROPOSED STATUTE BEFORE THE HON. KATHY HOCHUL FOR APPROVAL, AND ON SEPTEMBER 17th, 2021 THE BILL WAS SIGNED UNDER WHAT IS COINED AS THE **"LESS IS MORE ACT".** THE SIGNING OF THE LAW HAD SEVERAL FUNDAMENTAL POINTS THAT WERE NEEDED TO SMOOTHLY IMPLEMENT PAROLE PENALTY PHASES AND OTHER THINGS. AMONG THEM WERE;(1)-THE ELIMINATION OF PROGRESSIVE SENTENCING BY HEARING MASTERS DURING THE PENALTY PHASE. BY PLACING A NEEDED TIME ASSESSMENT [ CAP ] ON THE AMOUNT OF TIME A PAROLE VIOLATOR COULD BE GIVEN FOR THE SPECIFIC VIOLATION.

11]        ASWELL AMONG OTHER THINGS, (2)-DISTINGUISH BETWEEN [ **TECHNICAL** ] **AND** [ **NON-TECHNICAL** ] VIOLATIONS BY WHICH MAY WARRANT INCARCERATION, AND AS TO WHAT DOES [NOT] WARRANT INCARCERATION, THIS PRODUCED TWO CATEGORIES KNOWN AS (TECHNICAL) AND (NON-TECHNICAL). THE LAW WAS FURTHERMORE AIMED AT THE REDUCTION OF NEW YORK STATE LOCAL AND STATE PRISON POPULATIONS THAT CONSISTED OF A LARGE PORTION OF INDIVIDUALS INCARCERATED FOR SUSTAINED PAROLE VIOLATIONS.

12]        AS THE FEDERAL COURT IS AWARE NEW YORK STATE LAW ALLOWS, AS DOES THE UNITED STATES CONSTITUTION FOR 'ADMINISTRATIONS' TO CONSTRUCT AND PROMULGATE REGULATIONS THAT **ADHERE** TO THE FOUR CORNERS OF THE ACTUAL CONTROLLING STATUTE. A REGULATION BECOMES ILLEGAL AND UNCONSTITUTIONAL WHEN IT IN FACT GOES BEYOND THE SCOPE AND FOUR WALLS OF THE LEGISLATURES INTENDED MEASURES WITH IN THE ORIGINAL STATUTE LANGUAGE. THE LEGISLATURES INTENT [**MUST**] BE TAKEN IN ITS PLAIN LANGUAGE, AS THE INTENDED SECTION OF THE LAW.

13]        IT IS WELL SETTLED THAT SINCE THE [**CLEAREST**] INDICATOR OF THE LEGISLATIVES INTENT, INDEED IS THE [**STATUTORY TEXT**], AND THEREFORE THE STARTING POINT IN ANY CASE OF INTERPRETATION [**MUST**] BE THE LANGUAGE IN ITSELF, GIVING EFFECT TO PLAIN MEANING. THE NEW YORK STATE ADMINISTRATION HAS GONE EXCESSIVELY ABOVE AND OUTSIDE THE FOUR CORNERS OF THE FACE OF THE STATUTES INTENT AND LANGUAGE.

14]    NEW YORK STATE LEGISLATURE BY WAY OF ENACTING THE STATUTE IN
QUESTION, ENVINCED A LIBERTY INTEREST AND PLAINTIFFS CLAIMS SHOULD
ABSOLUTELY BE ENFORCED. NEW YORK STATE ADMINISTRATIVE COMMISSIONER OF
CORRECTIONS AND COMMUNITY SUPERVISION, CONSTRUCTED AND PROMULGATED A
REGULATION EXCLUDING THE PLAINTIFF FROM ENJOYING FUNDAMENTAL RIGHT
THAT WAS ESTABLISHED FOR [ALL] PERSONS DEEMED A PAROLEE ON NEW YORK
STATE SUPERVISION (i.e) PAROLE/POST RELEASE SUPERVISION.

15]    DEFENDANTS INTENTIONALLY WITH A MALICIOUS INTENT CONSPIRED
AND CONSTRUED THE LEGISLATIVE INTENT. IN DOING SO THE DEFENDANTS
STRETCHED AND OVERLY BROADENED THE DEFINITION AND TERM OUTSIDE OF THE
SCOPE OF TRUE INTENT BY THE CONTROLLING STATUTE. THE LEGISLATURE HAS
[NOT] OPENED A MAGICAL DOOR THAT WOULD ALLOW THE ADMINISTRATIVE BODY
TO SOMEHOW UPON THEIR OWN BELIEF UPEND A PROTECTED RIGHT UNDER THE
FIFTH AMENDMENT. IN FACT, WHEN REVIEWING AND READING THE PLAIN TEXT
OF THE STATUTE. THE LEGISLATIVE LANGUAGE IS VERBATIM CLEAR AND
TRANSPARENT TO RULE AND INTENT.

16]    THE LEGISLATIVE LANGUAGE IS CLEAR AND DID [NOT] REQUIRE ANY
UPENDING OR CHANGING OF THE TEXT TO ENFORCE ITS PURPOSE OR BINDING
CLAUSE. PLAINTIFF AVERS, FURTHER STATING THAT NEW YORK STATE SENATE
BILL [ S.1144-A ] AND [ § 259-I ]. DO [NOT] CALL FOR THE COMPLETE
EXCLUSION OF PLAINTIFF OR THOSE SIMILARLY SITUATED, WHOM ARE SERVING
A SENTENCE PURSUANT TO (ARTICLE 130/PENAL LAW § 255.26 § 255.27.
PLAINTIFF HAS ABSOLUTE RIGHT TO BENEFIT FROM ["LESS IS MORE ACT"].

17]    NEW YORK STATE SENATE AND THE ASSEMBLY, ASWELL THE VOICE AND WILL OF THE PUBLIC, UNDERSTOOD THE NECESSITY TO PROTECT THE PUBLIC FROM A REPEAT OFFENSE BY THOSE INCARCERATED FOR ALLEGED SEX OFFENSES. IN RECOGNIZING SUCH SERIOUSNESS THERE WERE MANY PRECAUTIONS AND RESTRICTIONS DEVISED AND IMPLEMENTED. THOSE CONDITIONS AND PROTECTIONS THAT ARE PUT IN PLACE CONSIST OF; (SARA)-SEX ASSAULT REFORM ACT, FURTHERMORE HAVING THE OFFENDER REGISTER AND (SOC)-SEX OFFENDER CONDITIONS. THESE ARE THE [SPECIAL] CONDITIONS THAT THE LEGISLATURE IS REFERRING TO WITHIN THE STATUTE EXCEPTION CLAUSE. DEFENDANTS HAVE NO RIGHT TO COMPLETELY DENY PLAINTIFF THOSE BENEFITS UNLESS PLAINTIFF BREAKS ONE OF THE SPECIAL CONDITIONS.

18]    NOT EACH AND EVERY VIOLATION ENDURED BY THE PLAINTIFF CAN BE DEEMED A [NON-TECHNICAL] VIOLATION AS THE DEFENDANTS ARE SUGGESTING. IN FACT THE DEFENDANTS REWRITING OF THE STATUTE IS ILLEGAL BASED UPON THEIR OVERLY BROAD ASSUMPTION. THE STATUTES EXCEPTION CLAUSE IS A NARROWLY TAILORED PROVISION THAT GOVERN HOW AND WHY A SEX OFFENDER WILL BE AUTOMATICALLY PLACED WITHIN THE NON-TECHNICAL CATEGORY. THEREFORE; THE ONLY WAY THAT PLAINTIFF IS DEEMED HAVE BEEN EXCLUDED IS BY VIOLATING A [ S P E C I F I C ], CONDITION [ R E L A T E D ] TO PLAINTIFF SEX OFFENSE.

19]    PLAINTIFF, FURTHER AVERS UNDER NEW YORK STATE SENATE BILL (S.1144-A) AND (EXECUTIVE LAW § 259-I ) ARE THE CONTROLLING FACTORS. THE CONTROLLING FACTORS DID [NOT] CALL FOR A COMPLETE EXCLUSION OF THE PLAINTIFF FROM ANY DETAILED BENEFITS IN LESS IS MORE ACT. IN FACT THE STATUTE IN ITSELF CREATED AN DETAILED A NARROW EXCEPTION PROVISION.

20]     THE DETAILED PROVISION CREATED BY THE LEGISLATURE, STATES
THAT ONLY IF THE PLAINTIFF VIOLATES A CONDITION THAT IS RENDERED AS A
RESULT OF PLAINTIFFS SEX OFFENSE, STATING THAT THE VIOLATED CONDUCT
BY THE PLAINTIFF MUST BE A SPECIFIC CONDITION RELATED TO PLAINTIFFS
SEX   OFFENSE.   THE   DEFENDANTS   IMPLEMENTED   A   REGULATION   THAT
SPECIFICALLY TARGETED PLAINTIFF AND THOSE ALIKE.

21]     IN THE INSTANT MATTER, DEFENDANTS IMPLEMENTED A REGULATION
THAT WAS DESIGNED SPECIFICALLY TO TARGET THE PLAINTIFF AND THOSE
ALIKE. THE REGULATION CALLED FOR COMPLETE EXCLUSION OF PERSON(S)
SERVING A SENTENCE UNDER ARTICLE 130/PENAL LAW § 255.26 AND § 255.27.
THIS REGULATION DENIED PLAINTIFF AND OTHERS SITUATED THE FUNDAMENTAL
RIGHT TO BE TREATED AS [ALL] OTHER PERSONS ON COMMUNITY SUPERVISION.

22]     ON OR ABOUT MARCH 1st, 2022. NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION ADOPTED THE REGULATION THAT
DISCRIMINATED AGAINST THE PLAINTIFF AND THOSE SIMILARLY SITUATED.
SPECIFICALLY COMMISSIONER ANTHONY ANNUCCI, DEPUTY COMMISSIONER MARCO
RICCI, AND CHAIRWOMAN OF NEW YORK STATE PAROLE TINA STANFORD.

23]     DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION MAY NOT
ENACT ANY INCONSISTENT REGULATION, OUTSIDE OF THE ACTUAL STATUTORY
LANGUAGE. THE DEPARTMENT AND ITS AGENTS HAVE CONSPIRED, DEVISED
CONSTRUCTED THE PROMULGATION OF A REGULATION THAT CONTRAVENES THE
TRUE WILL OF THE LEGISLATURE AND THE TERMS OF THE AUTHORIZING
STATUTE.

24]     THE REGULATION THAT WAS ADOPTED SEVERELY CHANGED THE LANGUAGE, AND CONTEXT OF THE ACTUAL STATUTE. IN DOING SO THE REGULATION IS IN FACT CONTRARY TO THE CONTROLLING STATUTES LANGUAGE INTENT, AND THE UNDERLYING PURPOSE OF THE LEGISLATURE.

25]     THE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION EXCEEDED THEIR ADMINISTRATIVE BODY POWER. THE EXCEEDING POINT OF POWER ARISES PURSUANT TO THE EXCEEDING OF THE STATUTORY TEXT OF THE LEGISLATURE THE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION DEVISED, CONSTRUCTED AND PROMULGATED ARBITRARY AND CAPRICIOUS TERMS OF THE AUTHORIZING STATUTE. ADMINISTRATORS HAVE UNREASONABLY APPLIED THE LAW IN RESPECT TO THE LANGUAGE OF THE STATUTE.

26]     UNDER THE EQUAL PROTECTION CLAUSE, GOVERNMENT OFFICIALS AND ITS AGENTS MAY IMPOSE A PARTICULAR STATUTE THAT ONLY EFFECTS A CERTAIN SEGMENT OF THE POPULATION. THE POPULATION IN QUESTION BEING [PAROLEES],[RELEASEES] UNDER THE SUPERVISION OF COMMUNITY SUPERVISION. HOWEVER, THE REGULATION DOES NOT MEET THE **DUE PROCESS** REQUIREMENTS AS IT DOES NOT PROPERLY APPLY THE STATUTE EVENLY AS A WHOLE TO THE GROUP OF INDIVIDUALS.

27]     UNDER THE COMPELLING STATE INTEREST CLAUSE, THE REGULATION IS ILLEGAL AND VIOLATES **DUE PROCESS**. THIS BEING BASED ON THE FACT THAT THERE ALREADY EXIST NUMEROUS RESTRICTIONS USED TO ENFORCE AND PREVENT AN INDIVIDUAL SERVING A TERM UNDER ARTICLE 130/PENAL LAW § 255.26 OR § 255.27. **SPECIFICALLY**, SUCH AS HAVING TO REGISTER AS A SEX OFFENDER UNDER (SARA). PURSUANT TO SEXUAL ASSAULT REFORM ACT.

28]     THERE ARE OTHER PROVISIONS IN PLACE THAT DEAL WITH THE PROTECTION OF THE PUBLIC. TO WIT; AN OFFENDERS PAROLE SUPERVISOR WILL INCLUDE WHAT IS KNOWN AS (SOC) SEX OFFENDER CONDITIONS. THESE RESTRICTIONS CAN EVEN BE OVERLY FAR REACHING AS THIS COURT HAS RECOGNIZED ALREADY. IN ANY EVENT THE MEASURES ARE PUT IN PLACE TO PREVENT A REPEAT OFFENSE, AND PROTECT THE PUBLIC.

29]     THE STATUTE IN QUESTION WAS NOT DESIGNED NOR IMPLEMENTED TO CAUSE FURTHER RESTRICTIVE MEASURES ON THE OFFENDER. ITS LANGUAGE IS CLEAR WHERE IT DICTATES THAT SHOULD THE PAROLEE VIOLATE ONE OF THE [ S P E C I F I C ] CONDITIONS THAT WAS GIVEN DUE TO THE NATURE OF THE PLAINTIFFS SEX OFFENSE. THAT CLEARLY ENTAILS SUCH CONDITIONS AS THOSE UNDER SEX OFFENDER CONDITIONS. IT IS NOT EACH AND EVERY **STANDARD** CONDITION, THAT WILL AUTOMATICALLY REMOVE THE PLAINTIFF AND THOSE SIMILARLY SITUATED FROM ENJOYING THE BENEFITS OF PAROLE REFORM.

30]     IT IS WELL SETTLED THAT THE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, SPECIFICALLY AT THE BEHEST OF THE COMMUNITY. THE LEGISLATURE CONSTRUCTED POLICY, STATUTES AND REGULATIONS TO DEAL WITH THE FORESEEABLE ACTIONS OF THOSE WITH SEX OFFENSES.
FURTHERMORE; THE LEGISLATURE DIRECTED AND TAILORED THE FORMENTION PREVENTION MEASURES TO SERVE A LEGITIMATE STATE INTEREST, ASWELL FOR THE PURPOSE OF PREVENTING A REPEAT OF THE OFFENSE AND PROTECTING THE PUBLIC AGAINST SAID ACTS.

31]    **PLAINTIFF,** IN FACT WAS ASSIGNED MULTIPLE **[SPECIAL]** CONDITIONS THAT WERE ALL CENTERED ON THE INSTANT OFFENSE. THOSE CONDITIONS APPEAR TO HAVE BEEN RIGHTFULLY IMPOSED AGAINST THE PLAINTIFF UNDER THE PURPOSE OF A LEGITIMATE STATE INTEREST. BEING BASED ON THE NATURE OF THE OFFENSE. THEY WERE SPECIFICALLY DEVISED TO PREVENT REPEAT OF SUCH ACTIONS.

32]    DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISIONS ACTIONS TO TAILOR A REGULATION THAT EXCLUDES THE PLAINTIFF FROM ENJOYING THE SAME FUNDAMENTAL RIGHTS AS ALL OTHER PAROLEES. DOES NOT FIT WITHIN THE ADMINISTRATIONS POWER. THE ADMINISTRATION IN THE CREATION OF SAID REGULATION CROSSED THE HAZY LINE BETWEEN ADMINISTRATIVE RULE-MAKING AND LEGISLATIVE POLICY MAKING.

33]    THE ADMINISTRATION OPERATED OUTSIDE OF ITS PROPER SPHERE OF AUTHORITY BY BALANCING COMPETING SOCIAL CONCERNS IN RELIANCE SOLELY ON ITS [OWN] IDEA OF THE SOUND PUBLIC POLICY. THE ADMINISTRATION ENGAGED IN ATYPICAL, INTERSTITIAL RULE MAKING AND WROTE A CLEAN SLATE. IN DOING SO CREATED ITS [OWN] COMPREHENSIVE SET OF RULES WITHOUT PROPER AUTHORITY TO DO SO.

34]    DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION MAY HAVE BEEN PERMITTED UNDER THE GOVERNING FACTORS TO ADD MORE RULES. BUT AT NO TIME DO THEY POSSESS THE POWER TO EXCLUDE THE PLAINTIFF WITHOUT THE PLAINTIFF BREAKING ONE OF THE RULES THAT WAS SPECIFICALLY RELATED TO THE NATURE OF THE PLAINTIFFS SEX OFFENSE. THIS DOES NOT INCLUDE THE STANDARD CONDITIONS THAT **[ALL]** PAROLEES RECEIVE.

35]      IN THIS CASE AT BAR; BECAUSE THE LEGISLATURE HAS ALREADY
DETAILED AND IMPLEMENTED STRONG RESTRICTIONS AGAINST THOSE WHO HAVE
BEEN DEEMED SEX OFFENDERS AS PREVIOUSLY DESCRIBED. THERE WAS
ABSOLUTELY NO REASON FOR THE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION TO WRITE A NEW SLATE INSTEAD OF USING THE STATUTORY TEXT
LANGUAGE OF THE LEGISLATURE.

36]      THE ADMINISTRATION HAS ENGAGED IN THE EXERCISE OF MAKING A
BROAD BASED REGULATION AND DETERMINATION. THE REGULATION IN QUESTION
IS **[NOT]** IN HARMONY WITH THE STATUTES CLEAR LAW AND DEFINED MEANING
OF THE LANGUAGE, INTENT NOR ITS OVERALL PURPOSE.

37]      IT IS A FUNDAMENTAL PRINCIPAL OF THE ADMINISTRATIVE LAW THAT
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, NOR ITS AGENTS
MAY NOT PROMULGATE A REGULATION WHICH CONTRAVENES THE WILL OF THE
LEGISLATURE. ADMINISTRATIVE AGENTS WENT BEYOND THE STATUTORY TEXT OF
THE ENABLING LEGISLATION.

38]      HOWEVER; THIS IS PROVIDED THAT THE REGULATION PROMULGATED IS
NOT INCONSISTENT WITH THE STATUTORY LANGUAGE OR ITS UNDERLYING
PURPOSE. THE DEPARTMENTS PROMULGATED REGULATIONS CONFLICTS WITH THE
STATUTE AND IS FURTHERMORE INCONSISTENT. ASWELL IT IS **[MORE]**
[RESTRICTIVE] THAN THE STATUTES INTENT. ADMINISTRATION SHOULD NOT BE
ABLE TO [ PRESUME ] ANY MEASURE OF THE INTENT OF STATUTE. **THE
DEPARTMENTS REGULATION SHOULD BE HELD [INVALID], THE REGULATION
CREATES A RULE OUT OF HARMONY WITH STATUTE AND SHOULD BE HELD AS A
[NULLITY] AND VOIDED.**

39]     THE FOREMENTION IS BASED ON THE FACT THAT THE STATUTE DOES **[NOT]** IN ITS **PLAIN LANGUAGE** CALL FOR **[ALL]** OF PLAINTIFFS VIOLATIONS TO BE CATEGORIZED AS [NON-TECHNICAL] VIOLATIONS. IN FACT THE STATUTE USES THE LANGUAGE **[SPECIFIC]** VIOLATIONS MADE BY THE PLAINTIFF TO BE DEEMED WITHIN THE CATEGORY OF [NON-TECHNICAL] VIOLATIONS. THE DEPARTMENT OF CORRECTIONS ADDED THE TERMS **[ALL]** AND **[PRESUMED]**, THESE ARE CONTROLLING STATUTE LANGUAGE AND THE ADMINISTRATION MAY NOT CHANGE THE LEGISLATIVE INTENT BY USING SUCH LANGUAGE IT CHANGED THE ENTIRE PURPOSE OF THE SECTION IN QUESTION. BY DOING SO THE ADMINISTRATIONS REGULATION MUST BE HELD AS AN **INVALID REGULATION.**

40]     THE REGULATION IMPLEMENTED BY THE DEFENDANTS CHANGES THE LANGUAGE TO STATE THE FOLLOWING; TO IMPLY THAT **[ALL]** OF THE VIOLATIONS COMMITTED BY PLAINTIFF ARE **[PRESUMED]**. THEREFORE IMPLICATING THAT AT NO TIME **BEFORE WERE** ANY OF THE PLAINTIFFS VIOLATIONS TECHNICAL IN NATURE. THIS IS FLAWED AND A CONSTITUTIONAL VIOLATION.

**DEFENDANTS DISPLAYED A DELIBERATE INDIFFERENCE TOWARD PLAINTIFF.**

41]     UPON NEW YORK STATES GOVERNOR SIGNING THE INTO LAW THE ACT DEALING WITH, **LESS IS MORE**. THE DEFENDANTS BEGAN TO IMMEDIATELY REVIEW PAROLE VIOLATORS WHO WERE INCARCERATED AS A RESULT OF PAROLE VIOLATION. IN DOING SO REVIEWING THE WARRANTS AND HOLDS AGAINST THOSE INDIVIDUALS, TO FURTHER DETERMINE IF THE INDIVIDUAL HAD SERVED MORE THEN THE 30-DAY THRESHOLD FOR ALLOWABLE PENALTY. THOSE INDIVIDUALS WHO HAD SERVED 30-DAYS OR MORE WERE DIRECTED TO HAVE THEIR WARRANTS AND HOLDS IMMEDIATE LIFTED AND RETURNED RESTORED TO SUPERVISION.

42]      IT IS BELIEVED THAT PURSUANT TO THE AFOREMENTION THAT THOUSANDS OF INCARCERATED PAROLE VIOLATORS WERE RESTORED BACK TO COMMUNITY SUPERVISION. THE SIGNING BY THE GOVERNOR HAD TAKEN PLACE ON **SEPTEMBER 17th,2021**. THERE WERE SECTIONS TO THE NEWLY SIGNED LAW PURSUANT TO THE LEGISLATURES DIRECTIONS WOULD TAKE EFFECT IMMEDIATELY. THOSE SECTIONS AND AMENDMENTS DID IN FACT TAKE PLACE IMMEDIATELY BASED UPON THE ACTIVE DATE ASWELL THE DEPARTMENTS ACTIONS IN REVIEWING AND ORDERING THE LIFTING OF HOLDS AND OR WARRANTS ON THOSE THAT HAD BEEN INCARCERATED FOR WELL OVER A THIRTY DAY PERIOD.

43]      THERE WERE **[NO]** PROVISIONS AND OR REGULATIONS IN EFFECT ON **SEPTEMBER 17th,2021**, THAT ENTAILED THAT PLAINTIFF OR THOSE SIMILARLY SITUATED DENYING THEM THE SAME BENEFITS AS THAT OF OTHER PAROLEES. IN FACT DEFENDANTS AFTER BEING CHALLENGED FOR NOT REVIEWING AND RESTORING PAROLEES WITH SEX OFFENDERS WHO WERE ONLY SERVING A PENALTY FOR STANDARD VIOLATION. ALMOST **[SIX MONTHS]** AFTER, DEFENDANTS BEGAN REVIEWING AND RESTORING INDIVIDUALS TO COMMUNITY SUPERVISION DID THE DEFENDANTS RAISE A PROPOSED EMERGENCY REGULATION TO USE **[BLANKET BAN]** ON **[ALL]** PERSONS SERVING A PRISON TERM FOR A SEX OFFENSE.

44]      DEFENDANTS ON THEIR OWN PREFERENCE AND PREROGATIVE ILLEGALLY DEPRIVED PLAINTIFF AND THOSE SIMILARLY SITUATED, A CONSTITUTIONAL RIGHT TO BE TREATED EQUALLY UNDER THE PENALTY PHASE FOR PAROLEES. DEFENDANTS ACTED IN A MANNER OUTSIDE THEIR FUNCTION OF AUTHORITY AND DID NOT ACT WITHIN THE INTRINSIC PROCEDURES DERIVED BY THE LEGISLATURE UNDER EXECUTIVE LAW § 259-I.

45]     DEFENDANTS REGULATION IS IN FACT [ MALUM PROHIBITUM ], AND FURTHERMORE THE LEGISLATURES [ A POSTERORI ], WAS KNOWN AT THE ISSUANCE OF THE STATUTE. IT WAS WELL SETTLED THAT [SPECIFIC] DETERRENCES WERE ALREADY IN PLACE TO ATTEMPT AND PREVENT THE PARTICULAR OFFENDER FROM ENGAGING IN A REPEAT OF THE SAME SEX ACT BEHAVIOR.

46]     DEFENDANTS PAST ACTIONS DEMONSTRATE THAT DEFENDANTS EXCEED THEIR AUTHORITY. DEFENDANTS HAVE IN THE PAST EXCEEDED THEIR AUTHORITY OF STATUTES AND THE LAWS WHEN DEALING WITH OFFENDERS WHO ARE SERVING A SENTENCE FOR A SEX CRIME, DEFENDANTS CONTINUE TO EXCEED THAT AUTHORITY. IN ALL PRIOR MATTERS DEFENDANTS WERE FOUND BY THE JUDICIAL POWERS TO HAVE EXCEEDED THEIR AUTHORITY, AND WERE IN VIOLATION OF THE INDIVIDUALS CONSTITUTIONAL RIGHTS. IN FACT DEFENDANTS HAVE SHOWN A PATTERN TO EXCEED THEIR AUTHORITY WITH THOSE OTHER THEN SEX OFFENDERS.

47]     THE LEGISLATURES INTENDED LINK IN ORDER TO JUSTIFY APPLYING A SEX OFFENDERS VIOLATION WITHIN THE MEANING OF NON-TECHNICAL IS ABSOLUTELY CLEAR AND TRANSPARENT. NONE OF THE PLAINTIFFS VIOLATIONS CHARGES OR SUSTAINED VIOLATIONS FELL WITHIN THE CATEGORY AS DESCRIBED BY THE LEGISLATURE. THE LEGISLATURE CLAUSE WAS BASED ON A THRESHOLD AND PLAINTIFF DID NOT MEET THAT THRESHOLD WITH ANY OF THE ALLEGED VIOLATIONS AND OR SUSTAINED VIOLATIONS.

# T H R E S H O L D
# S T A T U T O R Y   L A N G U A G E

## V E R B A T I M

"<u>CONDUCT BY A RELEASEE WHO IS SERVING A SENTENCE FOR AN OFFENSE DEFINED IN ARTICLE 130 OF THE PENAL LAW OR SECTION § 255.26 OR § 255.27 OF SUCH LAW, AND SUCH CONDUCT VIOLATED A (SPECIFIC) (CONDITION) REASONABLY (RELATED) TO (SUCH) (OFFENSE) [AND] EFFORTS TO PROTECT THE PUBLIC FROM THE COMMISSION OF A (REPEAT) OF SUCH OFFENSE</u>"

48]     PLAINTIFF, DID [NOT] MEET THE THRESHOLD REQUIREMENT IN ORDER TO TRIGGER THE NARROW EXCEPTION CLAUSE. THAT WOULD AUTOMATICALLY CLASSIFY PLAINTIFFS STANDARD VIOLATION AS A NON-TECHNICAL ONE IN NATURE.

49]     THE CHARGED CONDUCT [MUST] VIOLATE A [SPECIFIC] CONDITION AND NOT JUST ANY STANDARD CONDITION. BUT A CONDITION [RELATED] TO A SEX OFFENSE. IN FURTHERANCE; WHEN LOOKING AT THE [TEXT] IT DICTATES THE WORD [AND], NOT THE WORD (OR). SUCH PLAINLY DICTATES THAT IN ORDER FOR THE PLAINTIFFS VIOLATION TO QUALIFY AS A NON-TECHNICAL VIOLATION. THE VIOLATIONS CONDUCT **[MUST]** BE **[RELATED]** TO THE PLAINTIFFS UNDERLYING SEX OFFENSE.

50]      ALTHOUGH THE ALLEGED VIOLATION CONDITION MAY IN ITSELF BE INTENDED TO PROTECT THE PUBLIC FROM CRIMINAL ACTIVITY. HOWEVER; IS BY NO MEASURE IN RELATION TO PLAINTIFFS UNDERLYING SEX OFFENSE, JUST AS EVERY GENERAL CONDITION IS IN PLACE TO PROTECT THE PUBLIC FROM RECIDIVISM. THE GENERAL STANDARD CONDITIONS ARE NOT RELATED TO A SEX OFFENSE THEY ARE PROVIDED TO [ALL] PAROLEES BEFORE RELEASE THOSE ARE RULES 1-THROUGH-14.

51]      DEFENDANTS REGULATION IS CONTRARY TO THE LEGISLATURE BILL STATUTE AND EXECUTIVE LAWS. A NON-TECHNICAL VIOLATION CANNOT BE ESTABLISHED MERELY BY CONDUCT THAT IS INCONSISTENT WITH EFFORTS TO PROTECT THE PUBLIC FROM RECIDIVISM.

## * * * C O N C L U S I O N * * *

52]      IF IT WERE THE INTENT OF NEW YORK STATE LEGISLATURE TO BLANKET BAN SEX OFFENDERS, OR CLASSIFY EVERY SINGLE VIOLATION BY AN INDIVIDUAL SERVING A SENTENCE PURSUANT TO AN UNDERLYING SEX OFFENSE, CAUSING ALL OF THEIR VIOLATIONS TO BE NON-TECHNICAL. THAN THE LEGISLATURE WOULD HAVE SURELY AND SIMPLY CARVED OUT A GENERAL EXCEPTION PROVISION. THIS IS DONE OFTEN BY THE LEGISLATURE, SIMPLY LOOKING AT THOSE WHO HAVE ESCAPES OR LIFE. WHEN THE LEGISLATURE CRAFTS A STATUTE IT CARVES OUT THE CLEAR INTENT THAT THOSE INDIVIDUALS DO NOT QUALIFY.

53]    INSTEAD, THE LEGISLATURE WROTE THE STATUTE IN A SIGNIFICANTLY NARROW MANNER, REQUIRING THE SPECIFIC CONDITION VIOLATED TO BE RELATED TO THE UNDERLYING SEX OFFENSE CONVICTION THE INDIVIDUAL IS SERVING. ALTHOUGH EACH AND EVERY CONDITION IS RELATED TO PREVENTION OF RECIDIVISM, HOWEVER NOT ALL CONDITIONS ARE RELATED TO A SEX OFFENSE.

54]    THIS IS A MUCH NARROWER PROVISION THAT DOES NOT APPLY TO ORDINARY STANDARD CONDITIONS THAT ARE GIVEN TO ALL PAROLEES ON COMMUNITY SUPERVISION. THE LEGISLATURE, ASWELL COULD HAVE SIMPLY DECLARED THAT [ALL] VIOLATIONS COMMITTED BY AN INDIVIDUAL SERVING A SENTENCE FOR AN UNDERLYING SEX OFFENSE ARE DEEMED NON-TECHNICAL VIOLATIONS. THE LEGISLATURE DECIDED NOT TO DO THAT, AND INSTEAD REQUIRED A [SPECIFIC] CONDITION THAT IS [RELATED] TO THE INSTANT SEX OFFENSE.

55]    THE DEFENDANTS REGULATION CATEGORICALLY DEFY THE INTENT OF THE LAW AND FURTHERMORE, DEFENDANTS CONSPIRED TO DENY THE PLAINTIFF AND THOSE SIMILARLY SITUATED. AS THERE WAS NO UNDERLYING STRUCTURE THAT WOULD HAVE DENIED THE PLAINTIFF THE RIGHT TO BE REINSTATED ON COMMUNITY SUPERVISION AND PLAINTIFF SHOULD HAVE BEEN RIGHTFULLY RELEASED WHEN THE DEFENDANTS BEGAN TO REVIEW AND REMOVE THE HOLDS AND LIFT THE WARRANTS THAT WAS LODGED AGAINST ALL PAROLEES WHO WERE INCARCERATED AS RESULT OF A STANDARD TECHNICAL VIOLATION. THE LAPSE IN TIME DEMONSTRATES AND SUPPORTS THE PLAINTIFFS CONTENTION. DEFENDANTS BEGAN REVIEWING AND RELEASING PERSON(S) ON OR ABOUT SEPTEMBER 17th,2021, AND THERE WAS NO PROVISION IN PLACE THAT BANNED THE PLAINTIFF AT THAT TIME. FOR WELL OVER SIX MONTHS, THEN TO COVER THEIR WRONG DOING DEFENDANTS INTRODUCED AND PUT IN PLACE AN EMERGENCY REGULATION ON OR ABOUT FEBRUARY 1st,2022,

56]    DEFENDANTS ACTED WITH A MALICIOUS INTENT TO DEVISE, CONSTRUCT
AND PUT IN PLACE A RESTRICTION NEARLY SIX MONTHS AFTER LAWS WERE
WERE PUT INTO PLACE. THIS WAS CONTRARY TO THE STATUTE. AS A RESULT OF
THE DEFENDANTS ACTIONS PLAINTIFFS CONSTITUTIONAL RIGHTS WERE ABROGATED
AND VIOLATED, AS A DIRECT AND PROXIMATE RESULT OF THE DEFENDANTS
CONDUCT AND AND ABUSE OF AUTHORITY THE PLAINTIFF SUSTAINED THE DAMAGES
HEREIN BEFORE BASED ON THE ALLEGED.

## P R A Y E R   F O R   R E L I E F

W H E R E F O R E, PLAINTIFF RESPECTFULLY REQUEST A <u>JUDGEMENT</u>
AGAINST <u>ALL</u> NAMED DEFENDANTS AS FOLLOWS;

(A).....DECLARATORY JUDGEMENT

(B).... COMPENSATORY AGAINST ALL DEFENDANTS SEVERALLY AND JOINTLY.

(C)..... PUNITIVE JUDGEMENT AGAINST ALL DEFENDANTS SEVERALLY AND JOINTLY

(D)..... ANY AND ALL OTHER RELIEF THIS COURT DEEM SO JUST AND PROPER
         ACCORDINGLY TO THE MATTER.

RESPECTFULLY SUBMITTED,
PURSUANT TO 28-U.S.C.§ 1746(a)(1)
AND 18-U.S.C § 1621 TO BE
TRUE AND CORRECT.

MR. LOWELL J. BRITT <u>IV</u>

SWORN TO BEFORE ME,
THIS 9th DAY OF August 20 22

NEW YORK STATE NOTARY PUBLIC
MARK G. WELLS
Notary Public, State of New York
Qualified in Orleans County
No. 01WE6134974
Commission Expires Oct. 11, 20 25

## ** F E D E R A L   L A W S **

UNITED STATES CONSTITUTION......FIFTH AMENDMENT

UNITED STATES CONSTITUTION.....EIGHTH AMENDMENT

UNITED STATES CONSTITUTION.....FOURTEENTH AMENDMENT

## ** S T A T E   L A W S **

NEW YORK STATE CONSTITUTION.....ARTICLE 1 § 5

MODEL PENAL CODE..... § 7.01 Subd.(2)

EXECUTIVE LAW § 259-I

NEW YORK STATE SENATE BILL, **S.1144-A**

NEW YORK STATE STATUTE, § 259-I

## R E G U L A T I O N S

9-NYCRR. 8003.2 [ STANDARD RELEASE CONDITIONS ]

9-NYCRR 8004.6 [ TECHNICAL VIOLATIONS **NO INCARCERATION PERMITTED** ]

9-NYCRR 8004.7 [ TECHNICAL VIOLATIONS INCARCERATION PERMITTED ]

** **9-NYCRR. 8004.8 [ NON-TECHNICAL VIOLATIONS ]** <REGULATION IN QUESTION >

## A P P E N D I X

SENATE BILL S.1144-A

STATE STATUTE EXECUTIVE LAW § 259-I

DEFENDANTS REGULATION

PLAINTIFFS DISPOSITION IN FAVOR

9-NYCRR. § 8003.3 (STANDARD RELEASE CONDITIONS THAT ALL PAROLEES RECEIVE)

## A P P E N D I X
### C O N T I N U E D

LETTER FROM DEFENDANT MARCO RICCI
MEMO FROM TINA M. STANDFORD
PLAINTIFFS ATTORNEYS LETTER TO DEFENDANT MARCO RICCI

## S O U R C E   O F   I N F O R M A T I O N

2. N.Y. JUR.2d. ADMINISTRATIVE LAW § 37

2. N.Y. JUR.2d ADMINISTRATIVE LAW § 43

2. N.Y. JUR.2d ADMINISTRATIVE LAW § 56

2. N.Y. JUR.2d. ADMINISTRATIVE LAW § 114

2. N.Y. JUR.2d ADMINISTRATIVE LAW § 174

2. AM. JUR.2d ADMINISTRATIVE LAW § 216

2. AM. JUR.2d ADMINISTRATIVE LAW § 217

2. AM. JUR.2d ADMINISTRATIVE LAW § 469

6 N.Y.JUR.2d ARTICLE 78 § 34

25 N.Y. JUR.2d COUNTIES.ETC. § 347

# S U P P O R T I N G   C A S E   L A W

PACKINGHAM -V- NORTH CAROLINA, 137, S.Ct,1730 (2017)

JONES -V- STANFORD,489,F.Supp.3d.140 (2020)

PEOPLES -V- LEON, 2021, WL.# 1582173

SHAPIRO -V- U.S, 335,U.S,1 (1948)

KOZLOWSKI -V- COUGHLIN, 539, Supp. 852 (1982)

DOBBS -V-JACKSON, 2022 WL. # 2276808

ASCROFT -V- IQBAL, 556,U.S,129,S.Ct,1937,,173,L.Ed.2d,868 (2009)

(I.d-at-570,127,S.Ct 1955

LUNA -V- PICO, 356,F.3d,481,490, (2nd Cir 2004)

SWARTOUT -V- COOKE, 562,U.S,216,219,131,S.Ct.859,178,L.Ed.2d,731 (2011)

HURD -V- FREDENBURG,984,F.3d,1075,(2nd Cir 2021)